**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 19-cv-_____

**PINNACOL ASSURANCE**, a Colorado political subdivision,

    Plaintiff,

v.

**GEO-LOG, INC.,** a Texas corporation,

    Defendant.

---

**DEFENDANT'S NOTICE OF REMOVAL**

---

**PLEASE TAKE NOTICE** that Defendant, Geo-Log, Inc. ("Geo-Log"), hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1332(a), 1441 and 1446, and in support states:

1. On September 4, 2019, Plaintiff, Pinnacol Assurance, filed a complaint titled *Pinnacol Assurance v. Geo Log*, 2019 CV 30718, in the State of Colorado, District Court, County of Weld (the "Complaint").

2. The Summons and Complaint were served on Defendant, Geo-Log, no earlier than September 19, 2019 by the Constable of Hood County, Texas. A true and correct copy of the Summons and Complaint are attached hereto as Exhibit A & B, respectively.

3. The Civil Cover Sheet served with the Summons and Complaint is attached hereto as Exhibit C.

4. The Return of Service on Geo-Log is attached as Exhibit D.

5. As required by D.C.Colo.LCivR 81.1 and § 1446(a), a true and correct copy of the current state court docket sheet is attached as Exhibit E. A true and correct copy of the only

other docket entry, an Initial Case Management Order issued by the Court, is attached hereto as Exhibit F.

6. The Complaint is a subrogation action which asserts various product liability and negligence claims against Geo-Log arising from injuries sustained by a third-party employee and covered by Pinnacol Assurance in its capacity as the third-party employer's workman's compensation insurance carrier.

7. The Complaint alleges that Plaintiff, Pinnacol Assurance, is a political subdivision of the State of Colorado with its principal place of business at 7501 East Lowry Boulevard, Denver, Colorado. *See* Complaint at ¶ 1. Pinnacol Assurance operates as a domestic mutual insurance company. C.R.S. 8-45-101.

8. The Complaint alleges that Geo-Log is a Texas corporation with its principal place of business at 220 Industrial Avenue, Granbury, Texas. *See* Complaint at ¶ 2.

## GROUNDS FOR REMOVAL

9. This removal is timely pursuant to 28 U.S.C. § 1446(b) because it was filed within thirty (30) days of Geo-Log's receipt of service of the Complaint from which it may be ascertained that the case is removable.

10. 28 U.S.C. 1441(a) provides that ". . . any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such actions is pending". "[A] defendant seeking to remove a case to a federal court must file in the federal forum a notice of removal 'containing a short and plain statement of the

grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 553 (2014) ("*Dart*") (quoting 28 U.S.C. § 1446(a)).

11. The district courts of the United States have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. 1332(a)(1).

12. Defendant Geo-Log removes to this Court pursuant to 28 U.S.C. §1332(a)(1) because Plaintiff's state court action is a civil action against Geo-Log where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

13. At the time of the filing of the Complaint, and currently, Geo-Log is a citizen of Texas. *See* Complaint at ¶ 2. It is a Texas corporation, and its principal place of business is in Texas. 28 U.S.C 1332(c)(1).

14. At the time of the filing of the Complaint, and currently, Pinnacol Assurance is a citizen of Colorado. *See* Complaint at ¶ 1. *See also Moor v. Alameda County*, 411 U.S. 693, 718 (1973) ("it is well settled that for purposes of diversity of citizenship, political subdivisions are citizens of their respective states").

15. Therefore, Plaintiff, Pinnacol Assurance, and Defendant, Geo-Log, are, based on the face of the state court Complaint, citizens of different states, and complete diversity exists under 28 U.S.C. 1332(a)(1).

16. Further, in the District Court Civil Cover Sheet signed by counsel for Plaintiff and served on Geo-Log, attached hereto as <u>Exhibit C</u>, Pinnacol Assurance, states that it "is seeking a

monetary judgment . . . for more than *$100,000, including any penalties or punitive damages*, but *excluding* attorney fees, *interest and costs . . .*"

17. In assessing the amount in controversy under 28 U.S.C. § 1332, the Court should consider not only compensatory damages, but also exemplary or punitive damages, as well as the attorneys' fees sought. *Frederico v. Home Depot*, 507 F.3d 188, 198-9 (3rd Cir. 2007); *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 946 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy and where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy). *See also* Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, *Federal Practice and Procedure*, § 3702 ("a long line of decisions clearly establishes that exemplary or punitive damages, when they are permitted to be awarded under the governing substantive law for the claim being asserted by the plaintiff, can be included in determining whether the jurisdictional amount in controversy has been met. Similarly, attorney fees are includible in computing the jurisdictional amount if the plaintiff may recover them as an element of damages, either pursuant to a governing statute or under the district court's equitable power to award fees.").

18. In *Paros Props. LLC v. Colo. Casualty Ins. Co.*, 835 F.3d 1264, 1272 (10th Cir. 2016) the Tenth Circuit held that a Colorado civil cover sheet is adequate notice of the amount in controversy sought by plaintiff. (Citing to *Henderson v. Target Stores, Inc*., 431 F.Supp.2d 1143, 1144 (D. Colo. 2006) (civil cover sheet is an "other paper" that put the defendant on notice that the amount in controversy exceeded $75,000)). *See also, Vargas v. Nash-Finch Co.*, No. 10-CV-00259-CMA, 2010 WL 582135 at *2 (D.Colo. Feb. 11, 2010) (holding that the jurisdictional

requirement is met when a plaintiff indicates on the Civil Case Cover Sheet that "she is seeking a monetary judgment for more than $100,000.00," and claims damages for serious injuries including surgery, physical and mental suffering, and loss of enjoyment of life.)

19. Likewise, the Court in *Stazick v. State Farm Mutual Automobile Insurance Company*, No. 18-cv-03357-PAB, 2019 WL 494376 (D. Colo. Feb. 8, 2019) noted that by filing the civil cover sheet signed by counsel, plaintiff had represented to the state court that the amount in controversy is greater than $100,000.

20. Therefore, in this case, Plaintiff asserts an amount in controversy that exceeds the threshold amount of $75,000, exclusive of interest and costs.

21. Because the amount in controversy exceeds $75,000 and the parties are diverse, removal is proper.

22. Removal is not precluded under 28 U.S.C. 1445(c).

23. 28 U.S.C. § 1445(c) provides that "a civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States". "Because section 1445 is a federal statute with nationwide application, federal law governs its interpretation." *Reed v. Heil Co.,* 206 F.3d 1055, 1059 (11th Cir.2000). The key issue, then, is whether Plaintiff's claims "arise under the workers compensation laws" of Colorado.

24. Under Colorado law, the Workers' Compensation Act establishes benefits available to workers injured in the course and scope of employment and the procedures for obtaining those benefits. *Rundle v. Frontier-Kemper Constructors, Inc.*, 170 F.Supp.2d. 1075,

1077-1078 (D. Colo. 2001). The purpose of the Act is to provide a remedy in areas where remedies do not exist at common law. *Id.*

25. Whether a state has codified a statute as part of its workers' compensation chapter does not determine whether a claim filed under that statute is one "arising under the workers' compensation laws" for the purpose of section 1445(c). *Jones v. Roadway Express*, 931 F.2d 1086, 1092 (5th Cir. 1991). "A suit arises under the law that creates the cause of action." *Id. See also, Oklahoma Mun. Assurance Grp. V. Cross land Constr. Co. Inc.,* No 17-cv-0062-CVE-TLW, 2017 WL 1137452, at *2 (N.D. Okla. Mar. 27, 2017).

26. Plaintiff's Complaint asserts claims for (i) strict products liability, (ii) negligence, (iii) res ipsa loquitor, (iv) breach of express warranty, (v) breach of implied warranty, and (vi) subrogation. Plaintiff's claims, including its claim for subrogation, are not embodied in Colorado's statutory worker's compensation scheme; rather, they are derived from Colorado common laws and statutory laws that do not arise out of Colorado's worker compensation laws. *See Rundle v. Frontier-Kemper Contractors, Inc.*, 170 F.Supp.2d 1075 (D. Colo. 2001).

27. Colorado common law recognizes that "[s]ubrogation is a creature of equity having for its purpose the working out of an equitable adjustment between the parties by securing the ultimate discharge of a debt by the person who in equity and good conscience ought to pay it" and recognizes an insurer's subrogation rights against an alleged third party tortfeasor. *Preferred Professional Ins. Co. v. The Doctors Co.,* 419 P.3d 1020, 1023 (Colo. App. 2018).[1]

---

[1] Because Colorado law recognizes an equitable right of subrogation, this case is distinguished from *Zurich American Ins. Co. v. General Motors Corp.*, 242 F.Supp.2d 736 (E.D. Cal. 2003) because "under California law, a cause of action for subrogation is available only where the legislature expressly provides that right." Id. at 737.

28. This case is similar to *Bray v. Automatan, LLC*, 167 F.Supp.3d 770 (D.S.C. 2016) which held that state-court action by worker and his employer's workers' compensation carrier, asserting products liability claims against manufacturer in connection with on-the-job injury, did not arise under states workers' compensation laws, and thus removal to federal court was not precluded. The court specifically recognized that the insurance carrier was worker's subrogee and was statutorily entitled to reimbursement for its payment of worker's compensation claim from recovery against manufacturer, but that the *action did not raise substantial question of workers' compensation law,* rather it was nothing more than diversity action for negligence, strict liability, and breach of warranty.

29. Therefore, for the reasons stated above, removal is proper.

30. No waiver and no admission of fact, law or liability, including without limitation the amount, measure, or calculations of damages, if any, is intended by this Notice of Removal, and all defenses, affirmative defenses, and rights are expressly reserved.

31. In accordance with 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on all parties and a copy is being filed with the Clerk of the District Court, City and County of Weld. A copy of the notice to the state court is attached hereto as <u>Exhibit G</u>.

32. Pursuant to D.C.Colo.LCivR 81.1, Defendant represents that no motion hearings are currently set in the state court action and no trial date has been set.

**WHEREFORE,** Case No. 19cv30718 is hereby removed from the District Court of Colorado, Weld County to the United States District Court for the District of Colorado.

Respectfully submitted this 18th day of October, 2018.

                                      *s/ Janette L. Ferguson*
Janette L. Ferguson (CO SBN 20164)
Jessica Marsh (CO SBN 53473)
LEWIS, BESS, WILLIAMS & WEESE P.C.
1801 California St., Suite 3400
Denver, Colorado 80202
(303) 861-2828
jferguson@lewisbess.com
jmarsh@lewisbess.com

Attorneys for Defendant, Geo-Log, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2019 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Anthony E. Derwinski
Benjamin M. Bakula
Ruegsegger, Simons & Stern, LLC
1700 Lincoln Street, Suite 4500
Denver, Colorado 80203
aderwinski@rs3legal.com
bbakula@rs3leagl.com

*Attorneys for Pinnacol Assurance*

                                      *s/Brenda Trujillo*
Lewis, Bess, Williams & Weese P.C.

*In accordance with C.R.C.P. 121 § 1-26(7), the original of this document with original signatures will be maintained in the offices of Lewis Bess Williams & Weese, P.C. and made available for inspection upon request.*