# EXHIBIT B

| | |
|---|---|
| DISTRICT COURT, WELD COUNTY, COLORADO<br>915 10th Street<br>Greeley, CO 80632 | DATE FILED: September 4, 2019 1:50 PM<br>FILING ID: 87DA293D6A... 2019 SEP 19 P 4: 05<br>CASE NUMBER: 2019CV30718<br>HOOD COUNTY<br>CONSTABLE PCT 4 |
| Plaintiff:<br>**PINNACOL ASSURANCE**<br><br>v.<br><br>Defendant:<br>**GEO-LOG** | ▲ COURT USE ONLY ▲ |
| *Attorneys for Pinnacol Assurance:*<br>Anthony E. Derwinski (#44408)<br>Benjamin M. Bakula (#51060)<br>Ruegsegger Simons & Stern, LLC<br>1700 Lincoln Street, Suite 4500<br>Denver, CO 80203<br>303.575.8026<br>aderwinski@rs3legal.com<br>bbakula@rs3legal.com | Case Number:<br><br>Division: |

## COMPLAINT AT LAW

Plaintiff, Pinnacol Assurance ("Pinnacol"), through its attorneys Ruegsegger Simons & Stern, LLC, submits its complaint, and hereby complains, avers, and alleges as follows:

### GENERAL ALLEGATIONS

1. At all times material to this complaint, Pinnacol, pursuant to C.R.S. 8-45-101, was a political subdivision of the State of Colorado, having its principal place of business at 7501 East Lowry Boulevard, City and County of Denver, Colorado. Under Supreme Court Directive 06-01, Pinnacol is exempt from paying filing fees.

2. Defendant Geo-Log is a Texas corporation. Geo-Log, Inc. has its principal place of business at 220 Industrial Avenue, Granbury, TX 76049

3. At all times relevant hereto, Brent Crochet, was a resident in the State of Colorado with an address of 902 BayBerry Loveland, CO 80538.

4. Jurisdiction is proper pursuant to C.R.S. § 13-1-124(1).

5. Venue is proper in this Court pursuant to C.R.C.P. Rule 98(c).

6. This civil action is based on the acts which caused injuries to Crochet on October 27, 2017, for which Pinnacol is liable under the workers' compensation act.

7. At all pertinent times, Crochet was acting within the course and scope of his employment for Summit Slickline, Inc.

8. On October 30, 2017, Crochet was working as a slick line operator.

9. The truck Crochet was operating had a Geo-Log measuring head.

10. The Geo-Log measuring head was incorrectly assembled, causing spring studs in the measuring head to move and back out of the correct position.

11. The spring studs stopped the travel of the tensioner wheel, which caused the wheel to tilt / lock up during operation.

12. The tilt of the wheel caused the slickline wire to exit the groove, and become pinched between the flat surfaces of the upper and lower wheels.

13. The slickline wire became pinched between the flat surfaces and became elongated and reduced the slickline wire's tensile strength, causing it to snap.

14. The snapped slickline wire struck Crochet in the neck.

15. Crochet underwent surgery from his injuries, including a repair of his left internal carotid artery with patch graft angioplasty.

16. At all times relevant hereto, Crochet was a workers' compensation claimant in the underlying workers' compensation claim, with a claim number of 5-060-718, pursuant to the accident detailed herein.

17. Pinnacol provided workers' compensation insurance to Crochet's employer, Summit Slickline, Inc., in connection with the accident of October 30, 2017.

18. Pursuant to the Workers' Compensation Act of Colorado, (*See* C.R.S. § 8-40-101, *et seq.*, hereinafter the "Act"), and as a result of the accident that occurred, Pinnacol has paid, and/or is obligated to pay, workers' compensation benefits to, or on behalf of, Crochet.

19. Crochet sustained personal injuries as the direct and proximate results of Geo-Log's acts.

20. As a result of Geo-Log's acts, Pinnacol sustained damages in the form of indemnity and medical benefits paid to and on behalf Crochet.

## FIRST CLAIM FOR RELIEF
(Strict Product Liability Against Geo-Log)

21. Plaintiff repeats and re-alleges each and every previous allegation of the *Complaint* and incorporates the same herein by reference as though set forth in full.

22. Geo-Log was the manufacturer of the measuring head.

23. Geo-log assembled, constructed, or otherwise prepared the measuring head prior to use by Crochet.

24. Geo-Log was in the business of selling measuring heads.

25. Geo-Log sold Summit Slickline, Inc. the measuring head and its components.

26. The measuring head was defective, and because of the defect, the measuring head was unreasonable dangers to persons who might be expected to use the slickline truck and measuring head.

27. The measuring head was defective because it was not properly assembled, and caused the measuring head to elongate the slickline wire.

28. The measuring head was defective was defective when it was sold by Geo-Log and left Geo-Log's control.

29. The measuring head was expected to reach the consumer without substantial change in the condition in which it was sold.

30. The measuring head did reach the consumer without substantial change in its condition in which it was sold.

31. Crochet is and was a person who would be reasonably expected to use or be affected by the measuring head.

32. Crochet has had injuries, damages, and losses which Pinnacol was and is liable for.

33. The defect in the measuring log was the cause of Crochet's injuries, damages, and losses in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF
(Negligence – Manufacturer's Liability against Geo-Log)

34. Plaintiff repeats and re-alleges each and every previous allegation of the *Complaint* and incorporates the same herein by reference as though set forth in full.

35. Geo-Log manufactured, assembled, constructed, or otherwise prepared the measuring head for Summit Slickline, Inc.

36. Geo-Log was negligent for failing to exercise reasonable care in the assembly, construction, or preparation of the measuring head to prevent the measuring head from creating an unreasonable risk of harm to persons or property of one who might reasonably be expected to use or be affected by the measuring head while the measuring head was being used in the manner that Geo-Log reasonably expected.

37. Geo-Log owed Crochet a duty to manufacture, assemble, construct, or otherwise prepare a measuring head that was fit for its intended use and that does not accelerate without input from the product's users.

38. Crochet was a person Geo-Log should have reasonably expected to use or be affected by the measuring head.

39. Crochet sustained injuries, damages, and losses that were caused by Geo-Log's negligence, while the measuring head was being used in the manner that Geo-Log should have reasonable expected.

40. The defect in the measuring head was the cause of Crochet's injuries, damages, and losses which Pinnacol was and is liable for.

### THIRD CLAIM FOR RELIEF
(Res Ipsa Loquitor against Geo-Log)

41. Plaintiff repeats and re-alleges each and every previous allegation of the *Complaint* and incorporates the same herein by reference as though set forth in full.

42. Crochet sustained injuries, damages, and losses that were caused by measuring head breaking the slickline wire.

43. Such injuries, damages, and losses would not have occurred unless someone was negligence in manufacturing of the measuring head.

44. At the time and in the way such negligence probably occurred, it was more likely that the negligence of Geo-Log, rather than of anyone else, caused Crochet's injuries, damages, and losses for which Pinnacol was and is liable for.

45. Geo-Log's negligence was the cause of Crochet's injuries, damages, and losses in an amount to be proven at trial.

## FOURTH CLAIM FOR RELIEF
(Breach of Express Warranty against Geo-Log)

46. Plaintiff repeats and re-alleges each and every previous allegation of the *Complaint* and incorporates the same herein by reference as though set forth in full.

47. Geo-Log sold Summit Slickline, Inc. the measuring head.

48. Geo-Log expressly represented, warranted, and guaranteed that the measuring head was fit, suitable for use by Crochet, and free of defects. In other words, it warranted or guaranteed that the measuring head and its component parts would perform satisfactory and not cause the slickline wire to snap. This promise, warranty, and/or guarantee became a basis of the bargain that lead to Summit Slickline Inc.'s purchase and use of the measuring head.

49. Crochet was a person Geo-Log should have reasonably expected to use or be affected by the measuring head.

50. The measuring head was not as warranted when bought in that it contained a defect that caused the measuring head to snap the slickline wire.

51. The breach of warranty caused Crochet's injuries, damages, and losses for which Pinnacol.

52. Within a reasonable time after Crochet and Summit Slickline, Inc. discovered the breach of warranty, they notified Geo-Log of such breach of warranty.

53. The defect in the measuring head was the cause of Crochet's injuries, damages, and losses in an amount to be proven at trial.

## FIFTH CLAIM FOR RELIEF
(Breach of Implied Warranty against Geo-Log)

54. Plaintiff repeats and re-alleges each and every previous allegation of the *Complaint* and incorporates the same herein by reference as though set forth in full.

55. Geo-Log manufactured, assembled, constructed, or otherwise prepared the measuring head for Summit Slickline, Inc. prior to the sale of the measuring head to Summit Slickline, Inc. knowing and intending that it would be used in a slickline operation.

56. Crochet was a person Geo-Log should have reasonably expected to use or be affected by the measuring head.

57. Geo-Log was a merchant with respect to the type of product involved, i.e., measuring heads.

58. The measuring head was not merchantable quality at the time of sale.

59. In order to be of merchantable quality at the time of sale, the measuring head had to be of the quality that would pass without objection by users; be fit for ordinary use and the purposes for which the product is used for; and not cause the slickline wire to snap.

60. Geo-Log advertised, marketed, represented, and warranted its measuring head as fit for their intended use, safe, and without defects.

61. Geo-Log's advertising, representations, and warranties were misleading and incorrect.

62. Geo-Log breached its implied warranty of merchantability because the measuring head was not of merchantable quality and was not fit for its intended purpose or use as a measuring head.

63. Geo-Log's breach of implied warranty since Summit Slickline, Inc. put it on notice.

64. The defect in the measuring head was a cause of Crochet's injuries, damages, and losses which Pinnacol was and is liable.

65. The breach of warranty caused Crochet's injuries, damages, and losses.

66. Within a reasonable time after Crochet and Summit Slickline, Inc. discovered the breach of warranty, they notified Geo-Log of such breach of warranty.

### SIXTH CLAIM FOR RELIEF
(Subrogation)

67. Plaintiff repeats and re-alleges each and every previous allegation of the *Complaint* and incorporates the same herein by reference as though set forth in full.

68. Pursuant to § 8-41-203, C.R.S., Pinnacol has a statutory right to recover from Geo-Log, Inc. all workers' compensation benefits paid to and on behalf of Crochet as a result of Geo-Log, Inc.'s acts or omissions.

WHEREFORE, Plaintiff, Pinnacol Assurance respectfully requests that this Court enter judgment in its favor and against Defendant Geo-Log, Inc. on all claims, for damages, pre-judgment and post-judgment interest, court costs, attorneys' fees, expert witness fees, costs of suit as determined by the court and any other and further relief as this Court may deem just and equitable.

Dated this 4th day of September, 2019.

Respectfully submitted,

RUEGSEGGER SIMONS & STERN, LLC

By:_____
    Anthony Derwinski, Esq.
    Ruegsegger Simons & Stern, LLC
    *Attorneys for Pinnacol Assurance*

Plaintiff's Address:
7501 East Lowry Boulevard
Denver, CO  80230